S. LANE TUCKER
United States Attorney

GLENN J. SHIDNER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Glenn.Shidner@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WHITNEY BRANSHAW,<br><br>　　　　Defendant. | Case No. 3:24-cv- |

**COMPLAINT**

　　　　Plaintiff, the United States of America, by and through the United States Attorney for the District of Alaska, and Glenn J. Shidner, Assistant United States Attorney, alleges and states as follows:

　　　　1.　　Defendant, Whitney Branshaw, resides within the territorial jurisdiction of this Court. Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1345 and 1355(a). Plaintiff brings this suit pursuant to the provisions of 31 U.S.C. 3711 et seq.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1395(a) because the subject penalty accrued within the District of Alaska.

4. The United States brings this action on behalf of the United States Department of the Health and Human Services, Debt Referral Section, Program Support Center, an agency of the United States.

## DEFENDANT VIOLATIONS

5. Section 108 of the Indian Health Care Improvement Act (Public L. 94-437), codified at 25 U.S.C. § 1616a (hereinafter "Section 108"), authorizes the Secretary of the Department of Health and Human Services (Secretary), acting though the Indian Health Service ("IHS"), authorizes the Indian Health Service Loan Repayment Program ("IHSLRP") to repay educational loans for healthcare professionals in exchange for service in Indian health programs. Ex. 1; Ex. 2.

On August 4, 2017, Defendant entered into a two-year IHSLRP contract to serve as a full-time nurse for the South Central Foundation in Anchorage, Alaska with an obligation start date of August 7, 2017, through August 7, 2019, assuming a break in service did not incur, work less than a full time schedule, or take excess of 35 days leave for each year of the 2-year obligated service. In return for such loan repayments, Defendant agreed to provide full-time clinical service in an Indian health program. Ex. 1; Ex. 2.

Section 108 necessitates that applicants include a written contract with their applications, agreeing to loan repayment for educational loans and fulfilling the designated period of service in an Indian health program. Participants enrolled in the service-obligated IHSLRP who violate their agreements are bound by the terms outlined in Title 25 U.S.

Code § 1616a. Defendant signed an IHSLRP contract on August 4, 2017, committing to fulfill the specified obligations and duties. Ex. 1; Ex. 2.

6. Defendant subsequently defaulted on the terms of the contract as she did not complete the two-year service obligation owed under the written contract and was not serving at an eligible site, and is now indebted to plaintiff in the principal amount of $72,000.00 with interest in the amount of $32,564.10 as of March 1, 2024, for which interest accrues on the principal amount at the fixed rate of 9.750% per annum, as is shown on the Certificate of Indebtedness which is attached hereto as Ex. 1, and incorporated herein by reference. Ex. 1.

7. As Defendant failed to fulfill the service obligation outlined in her IHSLRP contract, all payments made for or on her behalf, along with damages and interest calculated in accordance with 25 U.S.C. § 1616a(l), became a debt to the Federal Government. The interest rate applied was set at the maximum allowable legal rate. The debt was due for repayment within one year from the default date, August 7, 2017, and was considered delinquent as of August 7, 2018. Ex. 1.

7. In a letter dated March 21, 2019, Defendant was notified that if she did not respond within 30 days, she would be placed in default. Ex. 3.

8. In an initial demand letter dated May 21, 2019, Defendant was notified that she had been placed in default of the IHSLRP contract. She was instructed to repay the debt by a specified due date and given guidance on entering into a repayment agreement. Failure to comply would result in the referral of the debt to the Department of Justice (DOJ). Ex. 4.

9. In a Treasury Offset Program (TOP) letter dated May 24, 2019, Defendant was notified that her account was delinquent. The letter informed her of the Department of Health and Human Services' ("HHS") intention to refer her debt to other federal agencies for administrative offset Defendant was informed that this could include actions like offsetting federal tax refunds, salary, or wage garnishment. Defendant was informed that paying the debt in full or arranging a repayment agreement would halt administrative offset measures. Ex. 5.

10. In a collection letter dated July 27, 2019, Defendant was notified that her account had been referred to a private collection agency. She was warned that unless full payment was made or a repayment agreement was established, the account would be sent to the Department of Justice (DOJ) for enforced collection. Ex. 6.

11. Further notifications and demand letters about the debt were sent on the subsequent dates: September 13, 2022, November 23, 2023, and February 13, 2024. Ex. 7.

12. In a final demand letter dated February 22, 2024, Defendant was notified concerning the outstanding debt. She was informed that failure to make payment within 30 days would result in the debt being forwarded to the DOJ for litigation. No response to this notice was received from Defendant. Ex. 8.

13. Between August 5, 2020, to May 11, 2022, $11,344.54 in Treasury Offset Payments were collected towards the debt.

14. HHS has made numerous efforts to establish a satisfactory repayment arrangement without success.

10. To date, despite letters sent to Defendant, Defendant has not responded or voluntarily paid any portion of the outstanding balance.[1]

11. Accordingly, Plaintiff is entitled to judgment against Defendant in the amount of $104,564.10 (principal $72,000.00, interest $32,564.10), for which interest accrues on the principal amount at the fixed rate of 9.750% per annum, costs, and penalties. Ex. 1; Ex. 9.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays:

1. For judgment against the Defendant in the total principal sum of $72,000.00, plus all interest, penalty charges, and costs accrued as of the date of judgment.

2. For post-judgment interest at the rate provided by 28 U.S.C. § 1961, until the obligation is fully satisfied.

3. For costs and disbursements incurred in this action.

4. For such other further relief that the Court may deem just and equitable.

RESPECTFULLY SUBMITTED on April 25, 2024, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/Glenn J. Shidner
GLENN J. SHIDNER
Assistant U.S. Attorney
United States of America

---

[1] To date, the Government has only collected payments through TOP's administrative collection process.

*U.S. v. Branshaw*
Case No.: 3:24-cv- 2

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2024,
a copy of the foregoing was served via U.S. mail to:

Whitney Branshaw
256 W. 23rd Ave., Apt #4
Anchorage, AK 99503-2041

2126 Dawson St Unit B
Anchorage, AK 99503-1859

1221 E. 13th Avenue
Anchorage, AK 99501-4738

s/Glenn J. Shidner
Office of the U.S. Attorney